IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**DWAYNE ROGERS, #193848**                                                      **PLAINTIFF**

**v.**                                            **CAUSE NO.  1:20-cv-263-LG-RPM**

**MDOC, et al.**                                                                **DEFENDANTS**

<u>**ORDER DISMISSING PLAINTIFF'S COMPLAINT**</u>

**THIS MATTER IS BEFORE THE COURT** *sua sponte*.  Plaintiff Dwayne Rogers ("Rogers") filed his pro se Complaint [1] on August 17, 2020, claiming that the state court sentence that he has received is excessive.  (*See* Compl., at 2, ECF No. 1).  Rogers' claim is brought pursuant to 42 U.S.C. § 1983.  (*See* Compl., at 1, ECF No. 1).  Having reviewed the record and relevant law, Rogers' claim pursuant to § 1983 is hereby dismissed.

**I.     Rogers' claim**

Rogers' claim arises out of the sentence he received on July 29, 2020.  (Pl.'s Resp., at 1, ECF No. 9).  Specifically, he claims that he was sentenced "outside of [the] sentencing guidelines according to Miss. Ann. Code [§] 47-7-34."  (Compl., at 5, ECF No. 1).  Rogers filed this Complaint on forms available for prisoners suing under 42 U.S.C. § 1983.  (Compl., at 1, ECF No. 1).  To screen his Complaint, Rogers was required to provide additional information. (*See* Order, at 1-4, ECF No. 8).  Accordingly, Rogers was directed on October 23, 2020, to file a response on or before November 23, 2020.  (*Id.*, at 3-4).  Rogers filed his Response [9] on October 28, 2020.

## II.     Analysis

Rogers is proceeding *in forma pauperis* in this case. (*See* Order, at 1, ECF No. 7). The Prison Litigation Reform Act of 1996 ("PLRA"), 28 U.S.C. § 1915, also referred to as the *in forma pauperis* statute, mandates dismissal "at any time" if the Court determines an action "is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915 (e)(2)(B)(i-iii). Because Rogers is being permitted to proceed as a pauper (*see* Order, at 1, ECF No. 7), § 1915(e)(2) applies to this case.

In *Heck v. Humphrey*, the Supreme Court held that where a civil action for damages would "necessarily imply" the invalidity of a conviction or sentence, such a claim is not cognizable unless and until the plaintiff obtains a favorable resolution of a challenge to his conviction. 512 U.S. 477, 486-87 (1994). *Heck* applies with equal force to claims for declaratory judgment or injunctive relief. *See Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005); *Reger v. Walker*, 312 F. App'x 624, 625 (5th Cir. 2009) (noting that in addition to claims for damages, *Heck* applies to claims for declaratory relief and injunctive relief).

"*Heck* requires the district court to consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Ballard v.*

*Burton*, 444 F.3d 391, 396 (5th Cir. 2006) (internal quotation marks omitted). "This requirement or limitation has become known as the 'favorable termination rule.'" *Id.* (citing *Sappington v. Bartee*, 195 F.3d 234, 235 (5th Cir. 1999)).

Rogers does not establish that his sentence has been invalidated. (Compl., at 4-5, ECF No. 1; Pl.'s Resp., at 1, ECF No. 9). Because success on Rogers' claim that he received an excessive sentence would call into question the validity of that sentence, and because Rogers has not established that his sentence has met the favorable-termination rule of *Heck* (*see* Compl., at 4-5, ECF No. 1; Pl.'s Resp., at 1, ECF No. 9), he cannot maintain this claim against any Defendant in this case.[1] Rogers' claim is legally frivolous and must be dismissed with prejudice "until the *Heck* conditions are met." *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996).

To the extent Rogers is requesting that his sentence be invalidated, he must pursue such relief through a petition for writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). As footnoted above, Rogers is currently litigating a habeas corpus case in this Court. *See Rogers v. Mississippi Dep't of Corrections*, No. 1:20-cv-330-HSO-JCG (S.D. Miss. Oct. 23, 2020).

---

[1] Rogers is currently litigating a habeas corpus petition pursuant to 28 U.S.C. § 2254 in this Court. *See Rogers v. Mississippi Dep't of Corrections*, No. 1:20-cv-330-HSO-JCG (S.D. Miss. Oct. 23, 2020).

Any habeas claims Rogers may be asserting in this civil action are dismissed without prejudice to Rogers' pursuit of these claims in his pending habeas corpus case.

### III. Conclusion

Having considered the pleadings and applicable law, the Court dismisses this § 1983 civil action as frivolous because Rogers' claim is barred by *Heck*. *See Hamilton v. Lyons*, 74 F.3d 99, 103 (5th Cir. 1996) (finding *Heck*-barred claims are legally frivolous).

**IT IS THEREFORE ORDERED AND ADJUDGED** that this case is **DISMISSED WITH PREJUDICE** as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

**IT IS FURTHER ORDERED AND ADJUDGED** that any habeas corpus claims asserted in this civil action are **DISMISSED WITHOUT PREJUDICE** to Plaintiff Dwayne Rogers' pursuit of these claims in his pending habeas corpus case, *Rogers v. Mississippi Dep't of Corrections*, No. 1:20-cv-330-HSO-JCG (S.D. Miss. Oct. 23, 2020).

**IT IS FURTHER ORDERED AND ADJUDGED** that all pending motions are hereby terminated.

**SO ORDERED AND ADJUDGED** this the 9th day of December, 2020.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE